The opinion of the Court was delivered by
Wardlaw, Ch.
The two claims presented by the plaintiffs are distinct in their origin, in the principles which govern the de•cision of them, and I may add, in the interests of the claimants.
1. As to the transfers of slaves from Musco Boulware and Robert Cathcart to Catharine Raines.'
The instruments of conveyance transfer the title of the slaves .to her, expressly for her “ sole and separate use.” If such independent title in her had proceeded from the gift of the grantors, or from sale by them where the purchase money had been paid from her separate funds, undoubtedly-such title would have been valid, and the instruments of conveyance would need no registration. Banks vs. Brown, 2 Hill, Ch. 565. And as the instruments here are formally for the separate use of the wife, and acknowledge payment by her, the defendants are bound to show *405 that they present a false appearance, and that the payment was really made from the funds of the husband. Creditors of the husband have no just cause of complaint, unless property of the husband, liable to the satisfaction, of their claims, has been improperly diverted to the support of the husband’s family. The conclusion that there was such misapplication of the husband’s funds, depends mainly on the assumption that the plantation, which afforded the mean's of payment, belonged to the husband, at least as to the usufruct. But the proof on this point is not satisfactory. It appears from .the notes of evidence, that the plantation was derived from the bounty of the father and brother of the wife ; and some implication that the husband had no ownership of it, arises from the fact that the 'creditors did not seize and sell it under their executions. It is strongly asserted before us, that it was settled to the separate use of the wife. We are little disposed to encourage appeals, on questions of fact, from a Chancellor’s .conclusions from the evidence; or to allow parties to be again heard after one fair opportunity of establishing their claim or defence. But in the present instance, the Chancellor, who heard the cause, upon review, concurs in the propriety of another investigation for the fuller development of the facts : and such is the determination of this Court.
2. As to the slaves conveyed by Nancy Boulware to Catharine Raines.
In Tyler vs. Lake, (6 Con. Eng. Ch. R. 452,) -the trust was to pay the proceeds of real estate into the proper hands of a married woman for her own use and benefit. Lord Brougham says: “ I take the principle to be thoroughly established, that Courts of Equity will not deprive the husband of his rights at law, unless there appears a clear intention, manifested by the testator, that the husband should be excluded.” He further remarks: “ If sufficient strength of negative words is not to be found in the gift or limitation, you- are not allowed to fish about for indications of intention from other parts of the instrument.” This latter remark has much force and point, but it must not be pressed tb the *406 extent of making an exception as to this particular ease of marital rights from tbe general rule of construction, that tbe intention is to be collected from tbe whole instrument. Sir James Wigram truly says, in Blacklow vs. Laws, (24 Eng. Ch. R. 50): “ Courts of Justice invariably affirm tbe proposition that an intended gift shall take effect, provided tbe Court can find in tbe instrument a declared intention to give, although tbe simple words of limitation, unaided by implication arising out of other parts of tbe instrument, might leave the intention uncertain.”
It is argued from tbe consideration expressed in Nancy Boul-ware’s deed, to provide not only for tbe maintenance of Catha-rine Raines, but for the maintenance and education of her children, that we may infer the intention of the donor to create a trust for the immediate joint benefit of the children with their mother. If we collate the terms in the consideration with the terms of limitation, it is altogether plain that it was the intention of the donor to give not a joint estate, but the whole estate to Mrs. Raines for life, and after her death to her children. The case of the plaintiffs would not be helped by regarding the gift for the joint use of the wife and. children. In Wardle vs. Clayton, (16 Eng. Ch. R. 524,) a testator bequeathed his residuary estate to trustees, in trust, to pay the income to his wife for life, to be by her applied for the maintenance of herself and such children as he might leave at his death. The widow married again, and claimed the income for her separate use. Y. C. Shadwell rejected the claim because she was not the sole object of bounty. It is natural and usual for a donor who is under parental obligation to the donee, to express as the motive of gift, that the donee may better support himself and those who are dependent upon him ; and the expression of such motive cannot operate restrictively upon the gift.
The terms of gift or limitation in the present ease create no definite trust. We have the word, but not the thing. A trust is an equitable title in property, distinct from the legal ownership thereof. But a gift to one in trust for himself — and a gift of *407 chattels to a wife is a gift to the husband — confers the whole estate, legal and equitable, upon the donee. Here no trust or confidence is reposed in the nominal trustee ; no duty or obligation distinct from ownership is prescribed to her. Her legal and equitable interests are commensurate, and nothing is to be done by her legal representatives after her death for the protection of the rights of her children in remainder. The Chancellor was well justified by the precedents he cites in protecting the legal rights of the children 'in remainder, by requiring forthcoming bonds from the purchasers of the life estate ; and no remedy more complete could be afforded to them, if we regarded their rights as equitable.
We approve the decisions of Burnett vs. Rice, and Joor vs. Hodges, Speer’s Eq. 579, 593 ; but those cases recognize the merger of the legal and equitable estates where the trustee has no duty to perform.
The case of Jones vs. Fort, 1 Rich. Eq. 50, so strongly pressed upon us in the argument, goes quite as far as we are willing to follow, but is distinguishable from the case in hand. There, certain slaves were given to the husband in trust for the joint use of himself and wife during her life, and at her death to be distri_ buted among her children; and the trust was held to be effectual. But the husband was express trustee : the wife’s right of survi-vorship could only be protected by presenting the fusion of the legal and equitable estates; these estates were not commensurate. Chancellor Hakpeu, in delivering the judgment, says: “ As trustee, he (the husband) has an absolute estate in the property, or, as it is sometimes said, the fee ; as cestui que trust he has only an estate for the joint lives of himself and wife. The legal estate is exclusively in him as trustee : he takes the equitable estate jointly with his wife.”
It is ordered and decreed that so much of this case as relates to the slaves transferred by M. Boulware and R. Cathcart be remanded to the circuit Court to be heard and determined anew 1 *408 and that the circuit decree be modified in this particular, and in other matters be affirmed.
JOHNSTON and DakgaN, CC., concurred.

Decree, modified.